Dated:  November 09, 2020

ORDERED.

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

ALICE IRENE KOOPMANS,    Case No.: 3:19-bk-04495-JAF
                          Chapter 13

      Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Case came before the Court for a confirmation hearing on the Debtor's Amended Chapter 13 Plan and the Chapter 13 Trustee's (the "Trustee") objection. (Docs. 33, 34). At the hearing, the parties advised the Court that the objections raised by the Trustee were resolved except for the issue of whether the Debtor is permitted to claim a housing adjustment as a special circumstance.[1] After considering the arguments presented by the parties, and the Debtor's testimony, the Court elected to take the matter under advisement at the conclusion of the hearing. The Court makes the following Findings of Fact and Conclusions of Law.

---

[1] The parties represented to the Court that once a determination is made on the issue of the proposed housing adjustment, an agreement will be reached as to how much the Debtor has in monthly disposable income.

**Findings of Fact**

On November 25, 2019, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.[2] Along with her petition, the Debtor filed a Chapter 13 Statement of Current Monthly Income ("Form 122C-1") indicating that she has an above median income. (Tr.'s Ex. 3).

The Debtor's Form 122C-1 reflects that she earns an annual salary of $62,807.04 and that her monthly gross wages total $5,233.92. Id. The Debtor claims a monthly disposable income, as calculated on Form 122C-2, of $425.65 a month. Id. The Debtor's deductions from income include a monthly rent expense in the amount of $1,350.00 for an apartment in Neptune Beach, a coastal community approximately 17 miles from downtown Jacksonville. Id. The Trustee objects to the Debtor's rent expense because it exceeds, by $456.00, the housing expense allowed by the IRS Local Standard.[3] The Debtor's Amended Chapter 13 Plan provides for the Debtor to assume the rental lease on the apartment. (Tr.'s Ex. 2).

At the hearing, the Debtor testified that she has been a registered nurse for eight years and is currently employed by Nemours Children's Health System ("Nemours"). The Debtor primarily works at the Nemours office located in downtown Jacksonville but also works approximately five days a month at two other local branch offices. The Debtor testified that she lives in Neptune Beach because she considers it a more central location for her lifestyle. Specifically, the Debtor testified that the apartment she rents is close to the Mayo Clinic, where she receives medical

---

[2] The Debtor's Schedule E/F reflects that the Debtor has $186,460.27 in total nonpriority unsecured claims and $7,388.68 in priority unsecured claims. The Debtor's nonpriority unsecured claims largely comprise student loan debt of $133,374.00.

[3] On Line 9 of Form 122C-2 the Debtor listed a rent expense of $894.00, which is the amount allowed by the IRS Local Standard for housing. (Tr.'s Ex. 3). Line 10 of Form 122C-2 reflects the additional housing expense the Debtor claims in the amount of $456.00. Id.

treatment for a chronic health condition.[4]  The Debtor also testified that her apartment is near her family and the church she attends.  Although the Debtor's lease agreement expired on August 20, 2020, she currently has a month to month lease agreement for $1,350.00 a month.[5]  The Debtor testified that she looked for an apartment to rent in the San Marco and Intracoastal West areas[6] in Jacksonville but that the apartments she found were either older or similar in cost to her current apartment. The Debtor has also not been successful in her attempts to find a roommate to help share the cost of the apartment.

The Debtor's Housekeeping Amended Chapter 13 Plan proposes to pay unsecured creditors $906.68 for months 1-60 of the Plan for a total of approximately $54,400.00.[7]  (Debtor's Ex. 2).

## **Conclusions of Law**

Section 1325(b)(1)(B) of the Bankruptcy Code provides that upon the objection of the trustee or an unsecured creditor, a debtor's Chapter 13 Plan must provide that all of a debtor's projected disposable income, which is to be received during the applicable commitment period, is to be paid to unsecured creditors.  The Trustee asserts that the Debtor is not committing all of her disposable income to her monthly plan payments because she is claiming a housing allowance of $1,350.00, which is $456.00 a month in excess of what is permitted by the IRS's Local Standard housing guidelines.

---

[4] The Debtor's primary reason for wanting to live near the Mayo Clinic is because her doctor's practice is located there.  The Debtor also testified that, although she has not recently gone to the emergency room, she prefers to go to Mayo Clinic's emergency room when the need arises.

[5] Prior to living at her current residence, the Debtor leased an apartment for $1,150.00 a month near the Intracoastal West area of Jacksonville.  However, the Debtor testified that her rent was going to increase, a factor that influenced her decision to move.

[6] The San Marco areas is approximately 3-4 miles from downtown Jacksonville, and the Intracoastal West area is approximately 13 miles from downtown Jacksonville.

[7] The plan payments include the Trustee's fee of 10%.

An above median debtor's expenses must be determined using Form 122C-2 and the calculations set forth in §§ 707(a)(2)(A) and (B) without resort to Schedule J. In re Raulerson, 95 B.R. 157, 161 (Bankr. M.D. Fla. 2008). To the extent that an above median debtor asserts his or her expenses exceed those permitted by 122C-2, the Court looks to the limited exception set forth in § 707(b)(2)(B)(i) to determine whether such expenses are permissible. Id. Section 707(b)(2)(B) provides in pertinent part:

> (B)(i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
>
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—
>
> (I)   documentation for such expense or adjustment to income; and
>
> (II)  a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
>
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

11 U.S.C. § 707(b)(2)(B).

The Debtor argues that the additional housing expense should constitute a special circumstance under § 707(b)(2)(B)(i). "Although the universe of special circumstances is not limited to serious medical conditions and active duty military, only circumstances similar in nature to those enumerated examples are special circumstances." In re Oullette, Case No. 3:09-bk-09032-JAF, p. 6 (Bankr. M.D. Fla. Apr. 19, 2009); see also In re Tauter, 402 B.R. 903, 906 (Bankr. M.D. Fla. 2009). "A special circumstance is a life circumstance that directly and unavoidably affects one's earning capacity or gives rise to necessary, additional expenses." Id.

The Court finds that the Debtor's additional housing expense is not a special circumstance. Although the Court is sympathetic to the fact that the Debtor has a chronic health condition and prefers to live near the Mayo Clinic, the Debtor did not give a credible explanation as to why her only reasonable rental option is one that costs $456.00 more than what is allotted under the IRS's guidelines. The Mayo Clinic is a world-renowned medical facility, and the Court considers almost any location within the greater Jacksonville area to be a relatively close location. Further, as the Trustee stated, it is difficult to understand how the Neptune Beach area can be classified as being in the middle of a "hub" for the Debtor. There are several other areas in Jacksonville that are more equidistant to Nemours and the Mayo Clinic. Therefore, while living in Neptune Beach may best fit the Debtor's lifestyle, it is not a special circumstance, and her creditors should not have to shoulder the expense of her paying a premium to live in an apartment only a few blocks from the ocean. The Court will therefore sustain the Trustee's objection. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Clerk's Office to Serve